IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JODY WERNER, as Mother and Next Friend of B.W., a Minor,<br><br>    Plaintiff,<br><br> v.<br><br>BOARD OF EDUCATION OF THE POPE COUNTY COMMUNITY UNIT SCHOOL DISTRICT #1, *and* POPE COUNTY COMMUNITY UNIT SCHOOL DISTRICT #1,<br><br>    Defendants. | Case No. 3:11-cv-01095-JPG-SCW |

MEMORANDUM & ORDER

   This matter comes before the Court on the plaintiff's Motion to Remand (Doc. 3) and Memorandum in Support (Doc. 5). The defendants in this case, the Pope County Community Unit School District #1 Board of Education and School District ("Pope County"), filed a Response in Opposition to the motion (Doc. 10). This matter came to the Court after being removed from the Circuit Court in Pope County, Illinois. The plaintiff, Werner on behalf of B.W., protests it being in federal court and seeks to remand the case back to Illinois state court.

   This matter involves a minor, B.W., who was expelled from Pope County Community High School after allegedly knowingly conveying false information about an attempt to destroy school property with a bomb on October 31, 2011. Pope County Community High School held an expulsion hearing on November 15, 2011, during which several written statements were presented as evidence against B.W., with only one of the authors of the statements present for questioning. At the conclusion of the hearing, the Board of Education voted to expel B.W. from school for two calendar years. The hearing provides the basis for the present lawsuit in which

1

Werner alleges the proceedings violated the Fourteenth Amendment of the United States Constitution, the Illinois Constitution, and the Illinois School Code.  Werner also sought a preliminary injunction in Illinois state court.

A defendant may remove to federal court a case filed in state court if the federal court would have had jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur*, 577 F.3d at 758 (citing *Doe v. Allied- Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

A district court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A district court may extend its federal jurisdiction to all claims that are sufficiently related to the claims on which original jurisdiction is based so as to be part of the same case or controversy. 28 U.S.C. § 1367(a). Here, Werner has alleged a claim under the Due Process Clause of the Fourteenth Amendment of the United States Constitution which clearly falls within the scope of original jurisdiction of the Court. As this is a civil action arising under the Constitution, Pope County has successfully established jurisdiction on this claim.

Werner also alleged two state law claims, one under the Due Process Clause of the Illinois Constitution and one under the Illinois School Code. In order to remove these claims to federal court, the Court must exercise supplemental jurisdiction.  In order to establish supplemental jurisdiction, the claims must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In

a similar case contesting a student's expulsion on the grounds of due process, the Seventh Circuit stated:

> Although we note that the "Illinois Supreme Court has made clear that the Illinois due process guarantee is not necessarily co-extensive with the federal due process protections," *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir.1997), Smith has not demonstrated, and we have not found, any guidance which lead us to believe that due process challenges based on the Illinois Constitution are evaluated any differently than challenges that are based on the federal Constitution. *See Stratton v. Wenona Community Unit Dist. No. 1,* 551 N.E.2d 640 (1990) (using federal notions of due process to decide a state issue).Equal protection challenges based on the Illinois Constitution are evaluated under the same standards as the federal Constitution. *See Jarabe v. Industrial Comm'n*, 666 N.E.2d 1, *cert. denied,* 519 U.S. 930 (1996).

*Smith on Behalf of Smith v. Severn*, 129 F.3d 419, 424 (7th Cir. 1997). Similarly, the Court notes Werner has not presented any case law in support of her position and the Court has not found any case law which would support a remand to state court. In this matter, there is one set of facts which give rise to the federal Due Process Claim and the Illinois Due Process Claim and the claims will be evaluated under nearly identical law.

Given that the state claims are based upon the same events giving rise to the federal claim and there is no case law to support remanding the case, the Court extends supplemental jurisdiction to the state law claims. The Court therefore finds Pope County has sufficiently established jurisdiction as to all the claims to support the matter being in federal court.

The Court **DENIES** Werner's Motion to Remand (Doc. 3).

**IT IS SO ORDERED.**
**DATED:** January 27, 2012

s./ J. Phil Gilbert___
**J. PHIL GILBERT**
**DISTRICT JUDGE**
