IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JODY WERNER, as Mother and Next Friend
of B.W.,  a Minor,

            Plaintiff,

      v.

BOARD OF EDUCATION OF THE POPE
COUNTY COMMUNITY UNIT SCHOOL
DISTRICT #1, *and* POPE COUNTY
COMMUNITY UNIT SCHOOL DISTRICT
#1,

        Defendants.

Case No. 3:11-cv-01095-JPG-SCW

## MEMORANDUM & ORDER

       This matter comes before the Court on the defendants' Motion to Vacate the State

Court's Order (Doc. 18) and Memorandum in Support (Doc. 19). The plaintiff, Werner on behalf

of B.W., a minor, filed a Response in Opposition to the motion (Doc. 20). This matter came to

the Court after being removed from the Circuit Court in Pope County, Illinois. The defendants,

the Pope County Community Unit School District #1 Board of Education and School District

("Pope County") seek to dissolve the state court order granting certiorari for review.

## BACKGROUND

  1.  Factual

       The Court already stated the facts in its prior order denying Werner's motion to remand

(Doc. 14). This matter involves a minor, B.W., who was expelled from Pope County Community

High School after allegedly knowingly conveying false information about an attempt to destroy

school property with a bomb on October 31, 2011. Pope County Community High School held

an expulsion hearing on November 15, 2011, during which several written statements were

presented as evidence against B.W., with only one of the authors of the statements present for questioning. At the conclusion of the hearing, the Board of Education voted to expel B.W. from school for two calendar years. The hearing provides the basis for the present lawsuit in which Werner alleges the proceedings violated the Fourteenth Amendment of the United States Constitution, the Illinois Constitution, and the Illinois School Code.  Werner also sought a preliminary injunction in Illinois state court.

2. Procedural

Werner filed this case in Illinois State Court as a "Petition for Certiorari" (Doc. 2-1). Werner used this mechanism to allege a claim under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and two state law claims, one under the Due Process Clause of the Illinois Constitution and one under the Illinois School Code.  Pope County removed the case to federal court and Werner then motioned to remand it to state court (Doc. 3). This Court denied the motion to remand (Doc. 14) finding federal jurisdiction existed and exercised supplemental jurisdiction over the two closely related state law claims. Pope County filed its answer on January 5, 2012 (Doc. 9) and Werner answered the affirmative defenses on March 8, 2012 (Doc. 22). The parties submitted a joint discovery and scheduling order which was adopted by the Court on January 30, 2012 (Doc. 17).

After removing the case here, Pope County now asks the Court to "vacate, dissolve, or reconsider" the state court's order granting the certiorari (Doc. 18). In support of this request, Pope County argues the state court did not hold a hearing prior to granting Werner's certiorari request. Pope County states that because the writ is discretionary, the Court must find special cause to issue it. Werner counters that the motion is untimely as Pope County has already filed

an answer and a discovery schedule has already been set. Werner further argues there is no legal

basis for dissolving the order because the writ does not require a hearing to be held.

ANALYSIS

I.      Standard

Both parties cite to 28 U.S.C. § 1450 which states "[a]ll injunctions, orders, and other

proceedings had in such action prior to its removal shall remain in full force and effect until

dissolved or modified by the district court." The Supreme Court has described the purpose of

the statute to be judicial economy and to ensure orders entered by the state courts "to protect

various rights of the parties will not lapse upon removal." *Granny Goose Foods, Inc. v.*

*Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S.

423, 436 (U.S. 1974). After a case is removed to federal court, federal rather than state law

governs the remainder of the proceedings, including state court orders issued prior to removal.

*Id.* at 437. 28 U.S.C. § 1450 "implies as much by recognizing the district court's authority to

dissolve or modify injunctions, orders, and all other proceedings had in state court prior to

removal." *Id.*

In Illinois, the writ of certiorari enables a party who has no other avenue of appeal or

review to obtain review by a court exercising quasi-judicial functions. *Reichert v. Court of*

*Claims of State of Illinois*, 203 Ill.2d 257, 260, 786 N.E.2d 174, 177 (Ill. 2003).  The purpose of

the writ is to have the entire record of the inferior tribunal brought before the court to determine

whether that body proceeded according to the applicable law. *Stratton v. Wenona Community*

*Unit Dist. No. 1,* 133 Ill.2d 413, 427, 551 N.E.2d 640 (Ill. 1990). "[I]ssuance of a writ of

*certiorari* is within the discretion of the court, the purpose of the writ being to prevent injustice.

3

The writ should not issue where it would operate inequitably or unjustly, or in the absence of substantial injury or injustice to the petitioner." *Id.* at 428 (internal quotations omitted).

II.     Discussion

Pope County argues the order granting the writ should be vacated because they were not given a hearing before it was issued. Pope County does not provide the court any legal basis under which it is entitled to hearing in a certiorari proceeding.  Werner argues Pope County is not entitled to a hearing as long as cause was shown for the petition. Both parties cite very old case law in support of their positions. Werner looks to *Magoon*, which held cause must be shown by the petition or the petition will not be granted but granted the petition on its face without a hearing. *Board of Supervisors v. Magoon*, 109 Ill. 142, 146 (Ill. 1884). Pope County cites to a case from the same century, *Trustees of Schools Tp. 21 N v. School Directors of Union Dist.*, 1878 WL 9814 (Ill. 1878) and argues it required "special cause" to be shown. In *Trustees*, the court simply stated "the writ of *certiorari,* when used for the purpose of correcting the proceedings of inferior tribunals, is not a writ of right, but it issues only upon application to the court, upon special cause shown." *Id.* at 1.

The Court does not find Pope County's argument convincing. The writ of certiorari is a discretionary writ. *Stratton*, 133 Ill.2d at 428. The "special cause shown" referred to by Pope County further illustrates the discretion of the issuing court. *Trustees*, 1878 WL at 1. The court in that case did not illustrate what constituted "special cause" but rather seemed to be emphasizing the writ was not a right but rather required a "something extra." Werner submitted the petition which discusses the alleged violations and an affidavit to the state court. The Illinois state court saw the needed "special cause" when it acted within its discretion to grant the petition. Pope County has not presented sufficient reason to overrule the discretion of the state court. Indeed,

this Court's ability to vacate or dissolve a state court's order is also discretionary and the Court is

not convinced to exercise its discretion to overturn the discretionary order of another court. *See*

28 U.S.C. § 1450. Further, the type of hearing Pope County suggests in its memorandum,

reviewing the merits of the writ and presenting evidence as to why Werner was not substantially

injured, appears to be the very hearing the Court will hold to determine whether Werner's rights

were violated. *See Stratton* 133 Ill.2d at 429. At this stage of the proceedings, the Court finds it

would impede judicial economy and resources to vacate the state court's order. The answers

have been filed by both parties and the parties have prepared a joint discovery report. Given the

allegations of Werner, a student allegedly being kept out of school without cause, it is in the

interest of justice to resolve this case judiciously and expeditiously. The Court will not draw out

this process by using its discretion to reconsider a discretionary order of the Illinois state court.

CONCLUSION

The Court **DENIES** Pope County's Motion to Vacate, Dissolve, or Reconsider the State

Court's "Ex Parte" Order Granting Plaintiff's Writ of Certiorari (Doc. 18).

**IT IS SO ORDERED.**
**DATED: April 4, 2012**

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**