IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JODY WERNER, as Mother and Next Friend of B.W., a Minor,<br><br>    Plaintiff,<br><br>vs.<br><br>BOARD OF EDUCATION OF THE POPE COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 1 and POPE COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 1,<br><br>    Defendants. | Case No.: 11-cv-1095-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's and defendants' motions for summary judgment (Docs. 26 & 35). Plaintiff and defendants filed responses (Doc. 32 & 37). For the following reasons, the Court denies plaintiff's motion for summary judgment (Doc. 26), and grants in part defendants' motion for summary judgment (Doc. 35).

**BACKGROUND**

**I.    Summary Judgment Standard**

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas*, 209 F.3d at 692. Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

**II.     Facts**

The parties agree that the evidence establishes the following facts. Plaintiff, as mother and next friend of B.W., alleges claims stemming from a note containing a bomb threat found at Pope County High School and B.W.'s subsequent expulsion. B.W. was a student at Pope County High School. The record reflects that he participated in sports and maintained good grades.

On October 31, 2011, a student at Pope County High School turned over a note to Principal Judy Kaegi that read as follows: "Fuck dis school, everyone keeps calling me gay. There is a bomb in grade school and high school. Get out." Doc. 27-1, p. 56. In the face of this bomb threat, school officials initiated their emergency plan and evacuated students from the school. A bomb was never found, and school officials began an investigation to find the author of the note. During the course of that investigation, B.W. was implicated as the author of the note by several students who gave written and oral statements to school officials. B.W. also gave statements in which his story changed. In one statement B.W. asserted he did not know

about the note, but he heard rumors that Z.D., another student, wrote the note. In another statement, B.W. admits he did have knowledge of the note because Z.D. had asked him to write the note. Beginning November 7, 2011, B.W. received a ten-day suspension for "knowingly convey[ing] false information concerning an attempt or alleged attempt being made to destroy school property through means of explosives/bomb." Doc. 27-1, p. 62.

Given the gravity of the violation, school officials initiated expulsion proceedings. On November 7, 2011, the school superintendent informed B.W.'s parents by letter that the school board would hold an expulsion hearing on November 15, 2011, at 7:00 p.m. at the high school library during which the school board would consider suspending B.W. for "knowingly conveying false information concerning an attempt or alleged attempt being made to destroy school property through means of explosives/bomb on October 31, 2011." Doc. 27-1, pp. 64-65. The letter further informed B.W.'s parents of their right to attend that hearing, present any evidence, ask questions or review evidence presented by the school administration, and to be represented by counsel.

Attorney Robert Wilson represented plaintiff and B.W. at the expulsion hearing. B.W. was unable to attend the hearing pursuant to the terms of his previous suspension, but both of his parents were present. To support its recommendation to expel B.W., the school relied on student-witness statements obtained by Principal Judy Kaegi in the course of her investigation. Plaintiff's counsel was permitted to cross-examine Principal Judy Kaegi, and she admitted she had no personal knowledge of B.W.'s involvement in authoring the note. The school failed to present any of the student-witnesses at the hearing, and there is no evidence that B.W. requested the presence of any witnesses. As such, the only evidence against B.W. was hearsay statements, some of which were conflicting. Attorney Wilson objected to the school's reliance on the

students' hearsay statements in deciding to expel B.W. Nevertheless, the school board expelled B.W.

> from school and all school related activities for two calendar years, beginning November 16, 2011, and continuing through November 15, 2013, with the stipulation that the expulsion be held in abeyance during such time that [B.W.] successfully participates in the Regional Safe School Program and completes the requirements for graduation.

Doc. 27-1, p. 66.

Plaintiff filed a petition for certiorari in the Circuit Court for the First Judicial Circuit, Pope County, Illinois, and defendants removed the matter to this Court. Plaintiff brings a civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants violated B.W.'s due process rights protected by the Fourteenth Amendment. Plaintiff also brings supplemental claims in which plaintiff alleges the school board violated B.W.'s due process rights under the Illinois Constitution and asks the Court to review the defendants' decision for an abuse of discretion. First, the Court will address plaintiff's federal due process claim.

## ANALYSIS

### I. Federal Due Process

The Fourteenth Amendment's due process clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. The Supreme Court has recognized "a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause . . . ." *Goss v. Lopez*, 419 U.S. 565, 574 (1975). To satisfy the due process clause, the "expulsion procedure must provide the student with a meaningful opportunity to be heard." *Remer v. Burlington Area Sch. Dist.*, 286 F.3d 1007, 1010 (7th Cir. 2002); *Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 795 (7th Cir. 2008). That procedure, however, need not "take the form of a judicial or quasi-judicial trial." *Remer*, 286 F.3d at 1010 (quoting *Linwood v. Bd. of Educ.*, 463

4

F.2d 763, 769-10 (7th Cir. 1972)). The student need only be "given notice of the charges against him, notice of the time of the hearing and a full opportunity to be heard" to satisfy due process requirements. *Remer*, 286 F.3d at 1010-11.

In *Goss*, where the school expelled a student for only ten days, "[t]he Court declined to adopt a rule that students have a right to . . . cross-examine witnesses at suspension hearings, but left open the possibility that hearings involving more severe punishments 'may require more formal procedures.'" *Brown v. Plainfield Cmty. Consol. Dist. 202*, 522 F. Supp. 2d 1068, 1073 (N.D. Ill. 2007) (citing *Goss v. Lopez*, 419 U.S. 565, 584 (1975)). Similarly, the Seventh Circuit has declined to adopt a rule that students have a right to cross-examine witnesses against them at an expulsion hearing. *See Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 796 (7th Cir. 2008). The Seventh Circuit, however, has recognized that other courts view *Goss* as only a due process starting point.[1] *Id*.

In *Colquitt*, an Illinois state case relied on by plaintiff, a student was expelled from school for three semesters, and conflicting statements of student-witness were introduced against the student at his expulsion hearing. *Colquitt v. Rich Twp. High Sch. Dist. No. 227*, 699 N.E.2d 1109, 1111, 1115-16 (Ill. App. Ct. 1998). The court's opinion does not indicate whether the student had requested the presence of those witnesses at the hearing; however, it does indicate that the witnesses' statements were admitted over the student's counsel's hearsay objections. *Id*. at 1112. Under those circumstances, an Illinois appellate court found that cross-examination of the witnesses was "imperative" in complying with due process. *Id*. at 939. However, as the

---

[1] Those courts look to the *Mathews v. Eldridge* balancing test in determining the extent of the process due in school expulsion hearings. *Id*. (citing *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976)). The *Mathews v. Eldridge* balancing test requires the court to consider: (1) "the private action that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 334-35.

Seventh Circuit recognized in *Coronado*, this Illinois state case is not binding precedent on this Court. *Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 797 n.2 (7th Cir. 2008).

*Coronado* presented a similar issue. Coronado was a high school student who was expelled for two semesters after his involvement in a confrontation with rival gangs. *Id*. at 792. Two witnesses against Coronado, including (1) a security officer who witnessed the incident and wrote an incident report, and (2) a police officer to whom Coronado described the events surrounding the altercation, were not present at the hearing. *Id*. at 792, 796. Coronado argued that the expulsion hearing was inconsistent with due process because he was not able to cross-examine the security officer and the police officer. *Id*. at 796. There was no evidence in the record that Coronado had requested those two witnesses' presence. *Id*. Without deciding whether Coronado had the right to cross-examine the witnesses, the Seventh Circuit found that a student cannot complain he was denied the right to cross-examine witnesses where he failed to even request their presence. *Id*. at 797.

Here, plaintiff has an interest in his education that is protected by the due process clause, and defendants must give him a meaningful opportunity to be heard. Plaintiff does not deny that he was given notice of the charges against him or notice of the time of the hearing. He does, however, argue that he was denied his due process right to cross-examine the student-witnesses against him.

The Court, however, need not determine whether plaintiff had a right to cross-examine witnesses at the expulsion hearing. The Court finds the circumstances of this case to be similar to *Coronado*. Plaintiff did not present any witnesses, and there is nothing in the record to indicate that plaintiff even asked for the student-witnesses' presence at the hearing. As the Seventh Circuit reasoned in *Coronado*, plaintiff cannot complain B.W. was denied the

opportunity to cross-examine witnesses when plaintiff did not even attempt to gain their presence at the hearing. Thus, the defendants did not violate B.W.'s due process rights under the Fourteenth Amendment of the United States Constitution. Accordingly, with respect to plaintiff's federal due process claim, there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.

## II.     The Remaining Claims:  Illinois Due Process & Abuse of Discretion Review

In addition to plaintiff's federal due process claim, plaintiff raises two state law claims with regard to B.W.'s expulsion. First, plaintiff alleges that defendants violated B.W.'s due process rights as guaranteed by the Illinois Constitution.[2] Second, plaintiff alleges that defendants abused their discretion when they made the decision to expel B.W. for two years.[3]

After all federal claims have been dismissed, a district court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. 1367(c)(3). The district court should consider "judicial economy, convenience, fairness, and comity" when making a decision to remand remaining state-law claims. *Carnegie-Mellon University v. Cohil*, 484 U.S. 343 (1988). The Seventh Circuit has explained that "where a federal claim drops out before trial, a district court should not retain the state claims absent extraordinary circumstances." *Wentzka v. Gellman*, 991 F.2d 423, 425 (7th Cir. 1993). Extraordinary circumstances include a remaining federal defense to a state law claim and when the statute of limitations has run on a state law claim in state court. *Id*.

---

[2] "The Illinois Constitution contains its own guarantee of due process to all persons (Ill. Const. 1970, art. 1 § 2), a guarantee which stands separate and independent from the Federal guarantee of due process." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990); accord *People v. McCauley*, 645 N.E.2d 923, 935 (Ill. 1994). Illinois courts may look to Federal Due Process Clause interpretations for guidance in construing the Illinois Due Process Clause; however, "the final conclusions on how the due process guarantee of the Illinois Constitution should be construed are for [Illinois courts] to draw." *Id*.
[3] Illinois courts will overturn a decision to expel a student if it is "arbitrary, unreasonable, capricious, or oppressive." *Donaldson v. Board of Ed. for Danville School Dist. No. 118*, 424 N.E.2d 737, 739 (Ill. App. Ct. 1981).

Here, only eight months have elapsed from filing the notice of removal to summary judgment. There is nothing in the record that indicates the parties have spent extraordinary resources on discovery in this case. The statute of limitations has not run on plaintiff's state law claims, and defendants do not assert any federal defense to plaintiff's state law claims. Accordingly, there is nothing in the record that indicates there are extraordinary circumstances that would justify this Court in retaining jurisdiction of plaintiff's Illinois due process and abuse of discretion claims. Accordingly, plaintiff's state-law claims are remanded to the Circuit Court of the First Judicial Circuit, Pope County, Illinois, for further proceedings.

## CONCLUSION

Plaintiff's motion for summary judgment (Doc. 26) is **DENIED**. Defendants' motion for summary judgment (Doc. 35) is **GRANTED in part** and **DENIED in part**. Specifically, summary judgment is granted in favor of the defendants with regard to plaintiff's federal due process claim. All remaining claims are **REMANDED** to the Circuit Court of the First Judicial Circuit, Pope County, Illinois, for further proceedings. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:** August 16, 2012

                                                            s/ J. Phil Gilbert
                                                            **J. PHIL GILBERT**
                                                            **DISTRICT JUDGE**